what these payments are or how they could be recovered.

In his individual capacity Ellis does not meet the definition of a "person aggrieved." Our decision that Ellis lacks standing is based on statements by the bankruptcy court upon which the district court relied in making its determination that Ellis lacked standing. The bankruptcy court stated that it did not decide the following questions: (1) whether Ellis retained rights under the Second Amended and Restated Kulamanu Development Agreement ("SARKDA"); (2) whether Ellis had to be a party to an effective release of SARKDA; or (3) what effect the release would have without Ellis' participation. Our decision is also premised on our understanding that Ellis retains the right to challenge the validity of the release order in a separate proceeding.

The district court properly determined that Ellis was not a "person aggrieved."

DISMISSED.

THOMAS, Circuit Judge, concurring in part and dissenting in part.

THOMAS, Circuit Judge.

I agree that the district court's order affirming the bankruptcy court's order should be affirmed. However, I would do so on the merits. I would hold that Ellis has prudential standing to pursue an appeal of the bankruptcy court order absent a final determination that he has no right, title, or interest in the property at issue and the Second Amended and Restated Kulamanu Development Agreement. *See Pershing Park Villas Homeowners Ass'n v. United Pac. Ins. Co.*, 219 F.3d 895 (9th Cir.2000).

UNITED STATES of America, Plaintiff–Appellee,

v.

Jesus Garcia CAMPOS, Defendant–Appellant.

No. 02–10456.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 10, 2003.

Decided July 1, 2004.

Hartley M.K. West, Esq., USSF—Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Peter Robinson, Esq., Santa Rosa, CA, for Defendant–Appellant.

Before CUDAHY,* BEEZER, and KLEINFELD, Circuit Judges.

### MEMORANDUM **

Under *Atwater v. City of Lago Vista,*[1] an otherwise lawful arrest for driving without a license would not violate the Fourth Amendment. But in this case, unlike in *Atwater,* Campos's arrest violated state law.[2] Our opinion in *United States v. Mota* holds that if state law prohibits arrest for the offense, then a search incident to the arrest is not a search incident to a lawful arrest, and any evidence obtained from the search must be suppressed.[3] Under *Mota,* therefore, the search of Campos's car that turned up the cocaine was not a search incident to a lawful arrest for driving without a license. According to *Bingham v. City of Manhattan Beach, Mota* survives *Atwater.*[4] Appellee correctly points out that the Supreme Court of California, in *People v. McKay,* found *Mota* unpersuasive.[5] But we are not at liberty to reject controlling circuit precedent because of that disagreement.

REVERSED AND REMANDED

---

* The Honorable Richard D. Cudahy, Senior United States Court of Appeals Judge for the Seventh Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *Atwater v. City of Lago Vista,* 532 U.S. 318, 121 S.Ct. 1536, 149 L.Ed.2d 549 (2001).

2. *See* Cal. Veh.Code § 12801.5(e).

3. *United States v. Mota,* 982 F.2d 1384, 1389 (9th Cir.1993).

4. *Bingham v. City of Manhattan Beach,* 341 F.3d 939, 950 (9th Cir.2003).

5. *People v. McKay,* 27 Cal.4th 601, 117 Cal. Rptr.2d 236, 41 P.3d 59, 70–71 (2002).